fiber waste and is a conglomeration of all the mistakes that have been made in making rayon staple fiber.

Another witness testified for the plaintiff that rayon staple fiber must have absolute uniformity with respect to length of fiber, denier, tensile strength, and color, and carry a definite dye affinity or index. After examining the sample in evidence, the witness pointed out many variations therein as to staple length, denier, color; that it was a mixture of many things; that it was rayon waste; and that none of it would be a good delivery for rayon staple fiber.

The above testimony stands without contradiction, since the defendant did not offer any testimony, and is sufficient to bring this case well within our holding in the *Erlanger* case, *supra*.

In *Patton* v. *United States*, 159 U. S. 500, in dealing with a similar question, the Supreme Court of the United States said:

* * * The prominent characteristic running through all these definitions is that of refuse, or material that is not susceptible of being used for the ordinary purposes of manufacture. It does not presuppose that the article is absolutely worthless, but that it is unmerchantable and used for purposes for which merchantable material of the same class is unsuitable.

* * * * * * *

* * * Waste in its ordinary sense being merely refuse thrown off in the process of converting raw wool into a manufacture of wool, cannot be considered a manufacture simply because it acquires a new designation, and if it be artificially produced by the breaking up of the tops it is with even less reason entitled to be so considered. Unless natural waste can be treated as a manufacture, artificial waste should not.

Based upon a consideration of this entire record and authorities set out herein, and also in the *Erlanger* case, *supra*, we are of opinion that the involved merchandise does not fall within the provision for "Filaments of rayon or other synthetic textile, not exceeding thirty inches in length, other than waste, whether known as cut fiber, staple fiber, or by any other name." The evidence, in our opinion, brings the subject merchandise squarely within the provision in said trade agreement, *supra*, for "Waste of rayon or other synthetic textile," and is dutiable at 5 per centum ad valorem under said paragraph 1302, and we so hold. Judgment will be rendered accordingly.

**No. 61962.**—Glotex Importers Corp. et al. *v.* United States, protests 995931–G, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise are the same in all material respects as those the subject of *E. C. Carter & Son, Inc.* v. *United States* (38 Cust. Ct. 368, C. D. 1889), the claim of the plaintiffs was sustained.

**No. 61963.**—H. Bates Co., Inc., et al. *v.* United States, protests 81948–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise are the same in all material respects as those the subject

of *E. C. Carter & Son, Inc.* v. *United States* (38 Cust. Ct. 368, C. D. 1889), the claim of the plaintiffs was sustained.

**No. 61964.**—H. Bates Co., Inc. *v.* United States, protests 130222–K, etc. (New York).

Opinion by FORD, J.  In accordance with stipulation of counsel that certain items of the merchandise are the same in all material respects as those the subject of *E. C. Carter & Son, Inc.* v. *United States* (38 Cust. Ct. 368, C. D. 1889), the claim of the plaintiff was sustained.

**No. 61965.**—Accurate Millinery Co. *v.* United States, protest 307327–K (New York).

Opinion by FORD, J.  The protest was dismissed.

**No. 61966.**—Gehrig, Hoban & Co., Inc. *v.* United States, protest 312761–K (New York).

Opinion by FORD, J.  The protest was dismissed.

BEFORE THE THIRD DIVISION, MAY 20, 1958

**No. 61967.**—Marbro Lamp Co., Inc. *v.* United States, protest 316723–K (Los Angeles).

Opinion by JOHNSON, J.  In accordance with oral stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

**No. 61968.**—Brown, Alcantar & Brown, Inc. *v.* United States, protests 217335–K, etc. (El Paso).

Opinion by DONLON, J.  In accordance with stipulation of counsel that the merchandise consists of meats, prepared or preserved, not specially provided for, similar in all material respects to the meat the subject of *United States* v.